1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

AFENI SHAKUR, an individual and
AMARU ENTERTAINMENT, INC., a
corporation, as successor-in-interest to
the ESTATE OF TUPAC SHAKUR,

              Plaintiffs,

    vs.

WIDEAWAKE DEATH ROW
ENTERTAINMENT LLC, a Delaware
limited liability company;
WIDEAWAKE ENTERTAINMENT
GROUP, INC., a Canadian corporation;
WIDEAWAKE HOLDING
COMPANY, INC., a Canadian
corporation; ENTERTAINMENT ONE,
LTD., a Canadian corporation;
ENTERTAINMENT ONE US LP f/k/a
E1 ENTERTAINMENT U.S. LP, a
Delaware limited partnership; and
DOES 1 through 10, inclusive,

              Defendants.

CASE NO. CV 13-2280-DSF (PJWx)

**[PROPOSED] PROTECTIVE ORDER**

Magistrate Judge: Hon. Patrick J. Walsh

DISCOVERY MATTER

1   Upon stipulation of the parties and consideration of the representation of the

2   parties and the matters presented to the Court, the Court enters this Order to provide

3   for protection of the respective parties' proprietary data for purposes of discovery

4   and pre-trial in this proceeding.

5       1.      Information Subject To The Protective Order

6       (a)     Confidential Information

7       The parties identify that they seek protection of the following confidential

8   proprietary and financial information that has not been made public and that reflects

9   or concerns defendants' confidential business practices, sales, revenues, expenses,

10  or profits: (1) artist and publishing statements issued with respect to the

11  compositions and recordings of the artist Tupac Shakur (the "Tupac material"); (2)

12  accounting or financial documents relating to sales, revenues, expenses or profits

13  calculations of such statements; (3) payment or receipt of royalties; (4) agreements

14  between defendants, or any of them, and/or between or among any of the defendants

15  and third parties, including Death Row Records, Inc. ("DRR") and/or its successors-

16  in-interest, including music distribution agreements, agreements concerning the

17  purchase of DRR assets (such as any Asset Purchase Agreement involving

18  WideAwake Death Row Entertainment LLC), and other agreements that contain

19  confidential financial and business information and have not been made public; (5)

20  recordings and documents identifying recordings of Tupac material that have not

21  been previously commercially exploited; (6) audit reports concerning plaintiffs'

22  accounts with defendants; and (7) emails and other correspondence related to any of

23  the foregoing  The parties represent to the Court that the foregoing materials are and

24  at all times have been maintained in strict confidence by defendants and/or

25  plaintiffs, are not publicly available, and have not been disclosed to third parties

26  except to the extent reasonably necessary for business purposes under circumstances

27  where the confidentiality of the materials would be maintained, and that public

28  disclosure of the foregoing materials, including to defendants' competitors and, with

1

respect to the unreleased recordings, the general public, would cause competitive injury and prejudice due to the proprietary nature of information concerning defendants' expenses, revenues, profits, financial terms of licenses and other agreements and the reduction of the market value of the unreleased recordings.

2.      For purposes of this Order, the words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to documents as they are defined in Fed. Rule of Civ. Pro. 34(a)(1)(A) and 34(b)(2)(B).

3.      In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Protective Order.  Confidential information is information which has not been made public and which concerns or relates to the matters described in Paragraph 1, above.

4.      By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

5.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or by cover letter designation identifying the page numbers of the production that the party designates as confidential.  All documents produced in discovery shall be sequentially numbered with no numbers repeated in a numbering sequence to be agreed upon by the parties.  Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.  Responses to interrogatories or requests for admissions may be designated as "CONFIDENTIAL" by clearly labeling them as such in the body of the response.  Any confidential electronically stored information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL"

1  prior to production.  Electronic or native documents or information shall be

2  similarly labeled where practicable, and where not practicable, written notification

3  by a producing party that it is producing materials as confidential shall suffice for

4  treatment as provided herein.

5       6.     Testimony taken at a deposition may be designated as confidential by

6  making a statement to that effect on the record at the deposition.  Upon a party

7  identifying the testimony at the time of deposition as confidential, the court reporter

8  shall prepare the transcript of the testimony in a separate binder designation as

9  confidential.  Testimony designated as confidential after the deposition transcript is

10 prepared shall be maintained as confidential, but the transcript should not be

11 modified.

12      7.     Material designated as confidential under this Protective Order, the

13 information contained therein, and any summaries, copies, compilations, abstracts,

14 or other documents derived in whole or in part from material designated as

15 confidential (hereinafter "Confidential Material") shall be used by the receiving

16 party only for the purpose of the prosecution, defense, or settlement of this action,

17 and for no other purpose.

18      8.     Confidential Material produced pursuant to this Protective Order may

19 be disclosed or made available only to the Court, to counsel for a party (including

20 the paralegal, clerical, and secretarial staff employed by such counsel, and in-house

21 counsel), and to the "qualified persons" designated below:

22      (a)    a party, or an officer, director, or employee of a party deemed

23 necessary by counsel to aid in the prosecution, defense, or settlement of this action;

24      (b)    experts or consultants (together with their clerical staff) retained by

25 such counsel to assist in the prosecution, defense, or settlement of this action;

26      (c)    court reporter(s) employed in this action;

27      (d)    a witness at a deposition for purposes of a deposition held in

28 connection with this case, where such Confidential Material is relevant to a subject

1   matter of which the deponent could or is likely to have knowledge;

2       (e)     the authors, senders, addressees, and copy recipients of the Confidential

3   Material; and,

4       (f)     any other person as to whom the parties in writing agree.

5       9.      Only qualified persons listed under subparagraphs 8(a) or 8(b), above,

6   may attend depositions at which Confidential Material is used or discussed.

7       10.     Nothing herein shall impose any restrictions on the use or disclosure by

8   a party of material obtained by such party independent of discovery in this action,

9   whether or not such material is also obtained through discovery in this action, or

10  from disclosing its own Confidential Material as it deems appropriate.

11      11.     Nothing herein shall be construed to affect in any manner the

12  admissibility at trial of any document, testimony or other evidence.  The terms of

13  this Protective Order do not preclude, restrict, or otherwise apply to the use of

14  documents at trial.

15      12.     Any witness or other person, firm, or entity from which discovery is

16  sought may be informed of and may obtain the protection of this Protective Order by

17  providing all parties with a declaration executed under penalty of perjury agreeing to

18  comply with and be bound by the provisions of this Order and to submit to the

19  jurisdiction of the United States District Court for the Central District of California

20  for the purpose of enforcing or otherwise providing relief relating to this Order.

21      13.     If Confidential Material, including any portion of a deposition

22  transcript designated as Confidential, is included in any papers to be filed with the

23  Court, such papers shall be submitted for filing with the Court along with an

24  application and proposed order to file the papers under seal in compliance with

25  Local Rules 79-5.1 and 5-4.5.  The application shall be directed to the judge to

26  whom the papers are directed.  Pending the ruling on the application, the papers or

27  portions thereof subject to the sealing application shall be lodged under seal.

28      14.     If Confidential Material is inadvertently disclosed to any person other

than in the manner authorized by this Protective Order, the person responsible for the disclosure must promptly inform the designating party of all pertinent facts relating to such disclosure, shall make every effort reasonably required to secure the return of such Confidential Material from any unauthorized person who has possession of it, and shall make every effort reasonably required to prevent disclosure by each unauthorized person who received such Confidential Material. The inadvertent or unintentional disclosure of any Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order.

15.     If any Confidential Material obtained, or any material derived or generated therefrom, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees to immediately notify the designating party in writing so as to permit the designating party to seek a protective order from the appropriate court.

16.     This Protective Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, (ii) to seek and obtain, upon an appropriate showing, additional protection with respect to the confidentiality of Confidential Material or relief from this Protective Order with respect to particular designated Confidential Material, or (iii) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the redesignation or production as to any particular document or information should any party object to any designation of confidentiality, provided the parties comply with Local Rule 37.  In making or opposing any motion regarding the designation of specific material as confidential under this Order, the designating party shall bear the burden of showing specific harm or prejudice that will result if no protective order is granted for the material.  This Protective Order shall not be deemed to

1  prejudice the parties in any way in any future application for modification of this

2  Protective Order.

3      17.    This Protective Order is entered solely for the purpose of facilitating

4  the exchange of documents and information between the parties to this action

5  without involving the Court unnecessarily in the process.  Nothing in this Protective

6  Order nor the production of any information or document under the terms of this

7  Protective Order nor any proceedings pursuant to this Protective Order shall be

8  deemed to have the effect of an admission or waiver by either party or of altering the

9  confidentiality or non-confidentiality of any such document or information or

10  altering any existing obligation of any party or the absence thereof.

11      18.    This Protective Order shall survive the final termination of this action,

12  to the extent that the information contained in Confidential Material is not or does

13  not become known to the public, and the Court shall retain jurisdiction to resolve

14  any dispute concerning the use of information disclosed hereunder.  Upon

15  termination of this case, including all appeals, and upon 60-days written request by

16  counsel for the providing party, the parties shall assemble and return to each other

17  all Confidential Material, including all documents, material and deposition

18  transcripts designated as confidential and all copies, abstracts, and summaries of

19  same, or shall certify the destruction thereof.  Notwithstanding the foregoing, the

20  parties shall not be obligated under this Protective Order to ensure the destruction of

21  any copies of electronically-stored information made by the automatic processes of

22  their computer systems, including but not limited to any such copies that may reside

23  on their servers and/or backup tapes.

24      IT IS SO ORDERED.

25

26  Dated: September 5, 2013

27  _____
    PATRICK J. WALSH, MAGISTRATE
    JUDGE, UNITED STATES DISTRICT COURT

28